**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WEBCELEB, INC., | No. 12-56943 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-02318-DMS-BLM |
| v. | |
| THE PROCTER & GAMBLE COMPANY, a Delaware corporation; BERMANBRAUN, LLC, a California limited liability company; MICROSOFT CORPORATION, a Washington corporation, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted January 7, 2014
Pasadena, California

Before: W. FLETCHER, M. SMITH, and WATFORD, Circuit Judges.

Plaintiff Webceleb, Inc., appeals from the district court's grant of summary

judgment to defendants Procter & Gamble Co., Microsoft Corp., and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

BermanBraun, LLC, on its claims for trademark infringement under the Lanham Act and unfair competition under California Business & Professions Code section 17200. We affirm.

Defendants' use of "web celeb" as a television show award category and a section of an entertainment website is an objectively fair use of plaintiff's "WEBCELEB" trademark. There is no genuine dispute that defendants' use meets the classic fair use elements: (1) the use of the mark is not a trademark use; (2) the use is fair and in good faith; and (3) the use is only descriptive. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1151 (9th Cir. 2002).

No reasonable jury could find a trademark use here because defendants did not use "web celeb" as a source identifier. *See* 15 U.S.C. § 1127. As to Procter & Gamble's award show, Webceleb does not dispute that defendants used "Favorite Web Celeb" as one of more than thirty-five awards, most of which follow the "Favorite [category]" scheme. Nor can Webceleb dispute that "web celeb" is common parlance for Internet celebrities, which is precisely what the award is intended to recognize. The use of "web celeb" as part of a stylized "button" and a headline on defendants' online magazine is also not a trademark use. Rather, defendants' use of "web celeb" was merely descriptive of the magazine's content. "Web celeb" headlined stories about Internet celebrities and the "Favorite Web

Celeb" contest, much like the stylized "AWW" button denoted cute or "aww"-inspiring content. *See, e.g.*, *Packman v. Chi. Tribune Co.*, 267 F.3d 628, 639–40 (7th Cir. 2001). In addition, the prominent presence of defendants' own trademarks and logos alongside each use of "web celeb" is another indication of a non-trademark use. *See In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 11 F.3d 1460, 1467 (9th Cir. 1993); Restatement (Third) of Unfair Competition § 28 cmt. c (1995).

There is no genuine factual dispute that defendants' use of "web celeb" was in good faith. Defendants were unaware of Webceleb's trademark when they created the "Favorite Web Celeb" award and the corresponding section of the wonderwall.com website. Defendants have submitted, without contradiction, that they chose "Favorite Web Celeb" because "it was a straight-forward, descriptive title for an award that honors the most web-savvy celebrities . . . ." Given the absence of any indicators of bad faith, defendants' failure to conduct a search before using a common phrase in its descriptive sense does not make defendants' use objectively unfair.

Defendants' use of "web celeb" was purely descriptive. The difference between "web celeb" and "WEBCELEB" is "pivotal," since "web celeb" has a

common meaning that defendants intended to invoke. *See Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1066 (9th Cir. 1999).

Under the totality of the circumstances, there is little likelihood of confusion. *See Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1140–41 (9th Cir. 2002). Contrary to plaintiff's claim, some confusion is compatible with fair use. *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 121–22 (2004). Any minimal confusion here is the "risk the plaintiff accepted when it decided to identify its product with a mark that uses a well known descriptive phrase." *Id.* at 122.

Finally, the district court did not abuse its discretion in denying Webceleb's Rule 56(d) motion because Webceleb failed to indicate that any outstanding discovery was essential to its opposition. Fed. R. Civ. P. 56(d).

**AFFIRMED.**